UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

ALFONSO GARCIA RAMOS, JORGE PEREZ      :     Index No.: 19 CV 02967
AGUILAR, FELIX LUNA, and GUILLERMO ALONSO  :
MORALES, Individually and on Behalf of All Others     :
Similarly Situated,     :

                  Plaintiffs,     :     **DECLARATION OF**
     :     **SPIROS ZISIMATOS**

         - against -     :
     :

DNC FOOD SERVICE CORP. d/b/a SPEEDY'S DELI,     :
NIKOLAOS VASILATOS and SPIROS ZISIMATOS,     :
Jointly and Severally,     :
     :

                  Defendants.     :

-------------------------------------------------------------------- X

STATE OF NEW YORK     )
                           ) ss.
COUNTY OF QUEENS     )

SPIROS ZISIMATOS, being duly sworn deposes and says:

1. I am an officer and shareholder of fifty percent (50%) of DNC FOOD SERVICE
CORP. d/b/a SPEEDY'S DELI ("Speedy's") stock along with my partner, defendant
NIKOLAOS VASILATOS, in the above-captioned matter. Speedy's is a delicatessen
café located at 1271 Broadway, New York, New York.

2. I offer this affidavit in opposition to Plaintiffs' motion for an order (1) collectively
certifying Plaintiffs' Fair Labor Standards Act ("FLSA") unpaid minimum wage and
overtime claims as an FLSA collective action on behalf of all non-management
employees who worked at Speedy's Deli at any time on or after April 3, 2013; (2)
approving the Notice of lawsuit with Opportunity to Join ("Notice") and Consent to
become a Party Plaintiff ("Consent") forms, attached to the declaration of Brent
Pelton ("Pelton Decl.") as Exhibits F and G, respectively for mailing and e-mailing to
the Collective Action member; (3) directing Defendants to furnish the plaintiffs in

electronically readable form the names, last known addresses, e-mail addresses and telephone numbers (including cell phone numbers) of all members of the defined collective so that Plaintiffs can issue the Notice and requiring that the Notice be posted with Defendants' workplace; and (4) approving the deadline reminder notice ("Deadline Reminder") for mailing and e-mailing to the Collective Action Members, attached to the Pelton Decl. as Exhibit H.

3. My partner, NIKOLAOS VASILATOS and I share duties at Speedy's. My duties include, but are not limited to, arranging work schedules, setting pay rates for employees and generally overseeing the day to day activities of the store. As such, I am familiar with the business operation at Speedy's.

4. In addition, Defendants also employ managers that supervise the business, including the maintaining of employee time and pay records. All employees are paid in accordance with the hours they worked and their respective pay rate.

5. After reviewing the complaint in this action and Declarations sworn to by the plaintiffs in this Motion, Defendants wholly refute the view taken by plaintiffs in their respective Declarations regarding the positions they held while employed at Speedy's, duration of their employment, hours worked per week and pay received. Speedy's keeps accurate time and pay records of the hours worked by employees, and the plaintiffs were employed as follows:

   - Jorge Perez Aguilar- Cashier;

   - Alfonso Garcia Ramos- Baker;

   - Guillermo Alonso Morales- Grillman; and

   - Felix Luna- Counterman, Grillman, and Food Preparer.

6. Plaintiffs' allegations in their respective Declarations submitted with the plaintiffs' underlying motion consist of nothing more than innuendo and baseless random statements meant to deceive the Court into thinking that Speedy's purposely mistreats its employees by underpaying them and prohibiting work breaks. This is false. We keep time records and allow all employees at least one break of forty five minutes to one hour per shift. Further, we never charge employees for any meals they eat at Speedy's.

7. It is my belief that there is no basis for this Court to grant conditional certification of the Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b) to the alleged covered employees however, in the event the Court does grant the plaintiffs' motion to conditionally certify a FLSA collective action and authorize notice of this lawsuit to be issued to current and former employees, Defendants assert that that notice should only be delivered to the employees employed at the same positions worked by the plaintiffs, namely cashiers, bakers, grillmen, counterman and food preparers employed by Speedy's Deli. There is no reason to serve any notice on the cooks, or delivery people employed by Speedy's as they are positions unrelated to the jobs held by the plaintffs.

8. With respect to the other relief requested by Plaintiffs in their motion, I will leave those arguments to my attorney except that I do not have the ability to provide Microsoft Word Excel spreadsheets for Speedy's Deli because such a request is both onerous and difficult to coordinate since I don't keep electronic records.

WHEREFORE, it is respectfully requested that the Plaintiffs' motion for: (1) collectively certifying Plaintiffs' Fair Labor Standards Act ("FLSA") unpaid minimum wage and overtime claims as an FLSA collective action on behalf of all non-management employees who worked at Speedy's Deli at any time on or after April 3, 2013; (2) approving the Notice of lawsuit with Opportunity to Join (:"Notice") and Consent to become a Party Plaintiff ("Consent")forms, attached to the declaration of Brent Pelton ("Pelton Decl.") as Exhibits F and G, respectively for mailing and e-mailing to the Collective Action member; (3) directing Defendants to furnish the plaintiffs in electronically readable form the names, last known addresses, e-mail addresses and telephone numbers (including cell phone numbers) of all members of the defined collective so that Plaintiffs can issue the Notice and requiring that the Notice be posted with Defendants' workplace; and (4) approving the deadline reminder notice ("Deadline Reminder") for mailing and e-mailing to the Collective Action Members, attached to the Pelton Decl. as Exhibit H be denied in its entirety together with such other and further relief as to this court may seem just and proper.

_____
SPIROS ZISIMATOS

Sworn to before me, this
17th day of August, 2019

_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public. State of New York
No. 02GI6086632
Qualified in Queens County
Commission Expires January 27, 20 23

To:    PELTON GRAHAM LLC
        Brent E. Pelton, Esq. (BP1055)
        Taylor B. Graham, Esq. (TG9607)
        Attorneys for Plaintiffs
        111 Broadway, Suite 1503
        New York, New York 10006
        (212) 385-9700
        graham@peltongraham.com
        pelton@peltongraham.com