UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
ALFONSO GARCIA RAMOS, JORGE PEREZ : Index No.: 19 CV 02967
AGUILAR, FELIX LUNA, and GUILLERMO ALONSO :
MORALES, Individually and on Behalf of All Others :
Similarly Situated, :
:
                  Plaintiffs, :
:
                 - against - :
:
DNC FOOD SERVICE CORP. d/b/a SPEEDY'S DELI, :
NIKOLAOS VASILATOS and SPIROS ZISIMATOS, :
Jointly and Severally, :
:
                  Defendants. :
----------------------------------------------------------------- X

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED**

---

LAW OFFICES OF
MICHAEL P. GIAMPILIS, P.C.
*Attorneys for All Defendants*
Michael P. Giampilis, Esq.
94 Willis Avenue, Second Floor
Mineola, New York 11501
Tel. (516) 739-5838
Fax (516) 739-8225
Email: mgiampilis@giampilislaw.com

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | PRELIMINARY STATEMENT………………………………………….. | | 1 |
| II. | STATEMENT OF FACTS…………………………………………….. | | 1 |
| III. | ARGUMENT…………………………………………………………. | | 3 |
| | A. | Plaintiffs Are Not Entitled To Conditional Certification………....... | 3 |
| | | 1. Legal Standard For Conditional Certification……………. | 3 |
| | | 2. Plaintiffs Are Not Similarly Situated To Putative Members With Respect to Alleged Unpaid Minimum and Overtime Wages………………………………………….. | 4 |
| | B. | Plaintiffs' Proposed Notice And Related Requests Should Be Denied………………………………………………………… | 5 |
| | | 1. The Proposed Notice Is Materially Deficient………. | 6 |
| | | 2. Plaintiffs' Request To Post Notice At the Defendant Restaurants Must Be Denied……………………………. | 8 |
| | | 3. Plaintiffs' Request For Emails and Telephone Numbers Should Be Denied…………………………………….. | 9 |
| IV. | CONCLUSION…………………………………………………….. | | 9 |

# TABLE OF AUTHORITIES

CASES

*Amador v. Morgan Stanley*
2013 WL 494020, at *7 (S.D.N.Y. Feb. 7, 2013)............................................................. 8

*Anglada v. Linens n' Things, Inc.*
2007 WL 1552511 (S.D.N.Y., 2007)............................................................................... 5

*Barfield v. New York City Health & Hosps. Corp.*
2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005).................................................................. 3

*Diaz v. Elecs. Boutique of Am., Inc.*
005 WL 2654270 (W.D.N.Y. Oct. 17, 2005).................................................................... 3

*Diaz v. S&H Bondi's Dept. Store, Inc.*
2012 WL 137460 (S.D.N.Y., Jan. 18, 2012)..................................................................... 7

*Gillian v. Starjem Rest. Corp.*
2011 WL 4639842 (S.D.N.Y. Oct. 4, 2011)..................................................................... 3

*Hernandez v. Merrill Lynch & Co.*
2012 WL 5862749 (S.D.N.Y., Nov. 15, 2012)................................................................. 8

*Hoffman-La Roche, Inc. v. Sperling*
493 U.S. 165, 169 (1989)................................................................................................ 4, 5

*Gjurovich v. Emmanuels Marketplace, Inc.*
282 F. Supp. 2d 101, 106 (S.D.N.Y 2003)....................................................................... 5

*Guzelgurgenli v. Prime Time Specials Inc.*
883 F.Supp.2d 340 (E.D.N.Y. 2012)................................................................................ 5

*In re Penthouse Exec. Club Comp. Litig.*
2010 WL 4340255 (S.D.N.Y., Oct. 27, 2010).................................................................. 6

*Morales v. Plantworks, Inc.*
2006 WL 278154 (S.D.N.Y. Feb. 2, 2006)....................................................................... 3

*Myers v. Hertz Corp.*
624 F.3d 537, 554-55 (2nd Cir., 2010).................................................................... 4

*Shajan v. Barolo, Ltd.*
22010 WL 2218095 (S.D.N.Y., June 2, 2010).................................................................. 9

<a>
<p>
</p>
</a>

*Silva v. Calle 8, LLC*
2013 WL 6330848 (E.D.N.Y., Dec. 5, 2013)..................................................... 4

*Strait v. Belcan Engineering Group, Inc.*
2012 U.S. Dist. LEXIS 169390, at *13 (N.D. Ill. Nov. 29, 2012)........................... 3


STATUTES
219 U.S.C. § 216(b)................................................................................. 7


OTHER AUTHORITIES

None

## I. PRELIMINARY STATEMENT

Plaintiffs ALFONSO GARCIA RAMOS ("Garcia Ramos"), JORGE PEREZ AGUILAR ("Perez Aguilar"), FELIX LUNA ("Luna") and GUILLERMO ALONSO MORALES ("Alonso Morales") (collectively referred to as "Plaintiffs") ask this Court to conditionally certify and facilitate notice to a collective of individuals who are, and/or were, employees of defendant DNC FOOD SERVICE CORP. d/b/a SPEEDY'S DELI ("Speedy's Deli") similarly situated to Plaintiffs during their employment at Speedy's Deli, and who are allegedly owed minimum wage and overtime compensation under the Fair Labor Standards Act ("FLSA"). Upon review of the record, there is no basis for this Court to grant conditional certification of the Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b) however in the event the Court does grant plaintiffs' motion, it should be limited to current or former employees employed at the same positions worked by the plaintiffs, namely cashiers, bakers, grillmen, counterman and food preparers employed by Speedy's Deli. Further, certain aspects of the proposed notice of this lawsuit to alleged putative collective members ("Notice") should be altered such as, limiting the look back period from the date of the filing of this lawsuit on April 3, 2019 to only three (3) years, not six (6), restricting bold typeface or capitalization in the notice, including defendants' counsel as a source of information for potential class members, allowing Defendants to deliver putative class member records in non-digital form, altering the language of the notice so that it is equitable for all parties and doesn't scream windfall for alleged putative members.

## II. STATEMENT OF FACTS

Speedy's Deli is a delicatessen café located at 1271 Broadway, New York, New York. The owners/shareholders of Speedy's Deli are defendants NIKOLAOS VASILATOS ("Vasilatos") and SPIROS ZISIMATOS ("Zisimatos"). *See,* Zisimatos Decl. ¶ 1.

1

Zisimatos and Vasilatos share responsibilities at Speedy's Deli. Zisimatos' duties include arranging work schedules, setting pay rates for employees and generally overseeing the day to day activities of the store. *See*, Zisimatos Decl. ¶ 3.

Speedy's Deli also employs managers that keep time and pay records for the employees. Employees are paid properly and in accordance with their time and pay records. *See*, Zisimatos Decl. ¶ 4 and 5.

Defendants provided plaintiffs, and all employees, with a forty five (45) minute - one (1) hour break during their respective shifts, and provided free food for its employees. *See*, Zisimatos Decl. ¶ 6.

The four (4) Plaintiffs in this case worked as a cashier, baker, grillman, counterman and food preparer and they were all paid for their work. *See*, Zisimatos Decl. ¶¶ 4 and 5. No other job positions at Speedy's

All of the Plaintiffs alleged that they communicated with other employees at Speedy's Deli about alleged underpayments however Plaintiffs could not identify any of the full names of those employees, their job positions or what their alleged salaries were. *See*, Garcia Ramos Decl. ¶ 10; Perez Aguilar Decl. ¶ 13; Luna Decl. ¶ 11 and Alonso Morales Decl. ¶ 14. It's interesting that the Plaintiffs allegedly spoke with all of those alleged employees yet none of those individuals joined in this lawsuit.

Any implication that Defendants underpaid Plaintiffs is unfounded, and while the instant lawsuit should continue and be determined on the merits, Defendants assert that certification for the alleged putative class members is improper and with that, Plaintiffs' motion should be denied in its entirety.

### III. ARGUMENT

#### A. Plaintiffs Are Not Entitled To Conditional Certification

1. Legal Standard For Conditional Certification

Under the FLSA, Plaintiffs must establish similarly situated status through a factual showing, not simply allegations. *Barfield v. New York City Health & Hosps. Corp.*, 2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005). To meet their burden of proof, Plaintiffs must do more than allege the existence of unlawful common policy or practice. Instead, they must put forth evidence "sufficient to demonstrate that plaintiffs and potential collective members were victims of a common scheme or plan that violated the law." *Morales v. Plantworks, Inc.*, 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006). Moreover, though a common question may exist among putative collective members, the Court must determine whether that common question can be "answered without individual inquiries." *Strait v. Belcan Engineering Group, Inc.*, 2012 U.S. Dist. LEXIS 169390, at *13 (N.D. Ill. Nov. 29, 2012).

Courts have held that conditional certification is inappropriate where the determination of a defendant's liability depends on several individual factors. *Gillian v. Starjem Rest. Corp.*, 2011 WL 4639842 (S.D.N.Y. Oct. 4, 2011) (whether the defendant's "alleged rules violated the minimum wage and overtime provisions of the FLSA depends on the number of hours each individual worked on a particular shift, as well as the number of hours each individual worked in a particular week"); *Diaz v. Elecs. Boutique of Am., Inc.*, 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005) (denying certification where plaintiffs' claims required examination of when plaintiff and each class member was to work, when they actually worked, and whether they were paid for such).

3

The FLSA authorizes a plaintiff to file suit on behalf of "other employees similarly situated," but only if such employees "consent in writing." 219 U.S.C. § 216(b). Court-ordered notice is not automatic. Rather, "district courts have the discretion, in appropriate cases ... to facilit[ate] notice to potential plaintiffs." *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). Before a court will authorize such notice though, a plaintiff "must demonstrate, based on pleadings and affidavits, that she is similarly situated to potential collective." *Myers v. Hertz Corp.,* 624 F.3d 537, 554-55 (2nd Cir., 2010).

2. Plaintiffs Are Not Similarly Situated To Putative Members With Respect to Alleged Unpaid Minimum and Overtime Wages

A motion for conditional certification must be denied where the movant fails to provide any factual detail about the other employees referenced in its motion, such as their names or the wages and/or salary received by the other referenced employees. *Silva v. Calle 8, LLC,* 2013 WL 6330848 (E.D.N.Y., Dec. 5, 2013). The Plaintiffs here fail to present the last names of the alleged putative class members in its respective Declarations attached to Plaintiffs' motion, or any evidence whatsoever that they communicated with any employees regarding their wages at Speedy's Deli. All communication had by the plaintiffs with putative class members are nothing more that innuendo and conjecture. *See,* Garcia Ramos Decl. ¶ 10; Perez Aguilar Decl. ¶ 13; Luna Decl. ¶ 11 and Alonso Morales Decl. ¶ 14.

Further, Plaintiffs' allegations that they were not properly paid at or above the minimum wage or overtime rate is premature at best. Speedy's Deli has a facially lawful time-recording policy in that its employees' time worked is recorded. Additionally, Speedy's Deli has time and pay records for the individual Plaintiffs. *See,* Zisimatos Decl. ¶ 4 and 5. Defendants have not served any of those records as yet because discovery is still ongoing in this action.

The plaintiff must also present "sufficient evidence to demonstrate that [the] prospective class of member plaintiffs are similarly situated to the named plaintiff." *Anglada v. Linens n' Things, Inc.*, 2007 WL 1552511 (S.D.N.Y., 2007). The Plaintiffs neglect to do that here. In fact, none of the alleged employees that Plaintiffs claim to have spoken to in their respective Declarations stated their job positions at Speedy's Deli. *See*, Garcia Ramos Decl. ¶ 10; Perez Aguilar Decl. ¶ 13; Luna Decl. ¶ 11 and Alonso Morales Decl. ¶ 14. Thus we don't know the work performed by those individuals.

Further to that point, a porter and a delivery boy have different responsibilities and functions in a delicatessen café, as do a cook in comparison to a grillman or counterperson. In short, those positions are not "similarly situated."

To that end, this Court must deny the Plaintiffs' Motion in its entirety, however even if this Court finds that a conditional certification of a putative class is appropriate, it must limit the prospective putative class to only the positions in which the Plaintiffs were employed, namely cashiers, bakers, grillmen, countermen and food preparers.

### B.    Plaintiff's Proposed Notice and Related Requests Should be Denied

Upon authorizing the distribution of notice to potential opt-in plaintiffs, the district court maintains "broad discretion" over the form and content of the notice. *Gjurovich v. Emmanuels Marketplace, Inc.*, 282 F. Supp. 2d 101, 106 (S.D.N.Y. 2003) (*citing, Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989)). In exercising this discretion, the court should be "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in *without devolving into a fishing expedition or imposing undue burdens on the defendants.*" *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F.Supp.2d 340 (E.D.N.Y. 2012). *(emphasis added).*

5

Although the Defendants maintain that Plaintiffs' Motion should be denied, it must also be noted that Plaintiffs' proposed Notice, posting request and request for putitive class member telephone numbers and emails far exceed what is necessary and typically sufficient to accomplish the goals of a 216(b) notice.

1. <u>The Proposed Notice is Materially Deficient</u>

First, the scope of the employees to receive Notice is improperly defined. Plaintiffs seek to send Notice to all non-managerial employees employed at Speedy's Deli at any time from April 3, 2013 through the present even though each putative collective member's claim can date back, at most, to three years prior to the filing of his or her consent form. *In re Penthouse Exec. Club Comp. Litig.*, 2010 WL 4340255 (S.D.N.Y., Oct. 27, 2010). The Plaintiffs worked as cashiers, bakers, grillmen, countermen and food preparers. *See*, Zisimatos Decl. ¶ 5. It logically follows that the putative class, at most, should only be cashiers, bakers, grillmen, countermen and food preparers. Accordingly, Plaintiffs are entitled to send Notice to only those putative collective members employed as cashiers, bakers, grillmen, countermen and food preparers at Speedy's Deli going back three (3) years back from the date the underlying complaint was filed, April 3, 2019.

Second, the Plaintiffs use larger font and bold typeface in certain areas to specifically highlight the language that promotes joining the lawsuit. This emphasis on such selective language is unnecessary and confusing. All language in the notice is important and should be treated as such.

Third, Plaintiffs' proposed Notice is improper because it directs potential class members to contact only Plaintiffs' counsel with any questions. Defendants' counsel should also be listed

in the Notice as a source of information. *Diaz v. S&H Bondi's Dept. Store, Inc.,* 2012 WL 137460 (S.D.N.Y., Jan. 18, 2012).

Fourth, Defendants are not computer savvy and don't have the requisite ability to produce a Microsoft Word document or Excel spreadsheet, if this Court grants Plaintiffs' Motion for a collective class. *See,* Exhibit 1, Katsanos Decl. ¶ 13. We ask the Court to modify Plaintiffs' request for relief to allow Defendants the right to provide the class member information in a non-digital organized fashion within a thirty (30) day period after the issuance of an Order by this Court.

Fifth, the heading "Notice of Pendency with Opportunity to Join" should be stricken from the face of the notice, and replaced with "Notice of Pendency" or "Notice of Pendency of Lawsuit." The Plaintiffs' proposed language is too harsh and screams potential windfall to prospective class members.

Sixth, Defendants request the addition of the following provisions to ensure that the putative class members are fully aware of the breadth of this action and the effect of opting in. Those provisions are as follows:

- "The court has not yet decided whether the plaintiffs or the defendants will win or lose this case".

- "If you choose to join this lawsuit, you will be bound by any decision of the Court, judgment of the Court, or settlement, whether favorable or unfavorable".

- "If you choose to join in the lawsuit, you may be asked to appear for a deposition, respond to discovery requests, or appear at a trial. Likewise, the Defendants may be required to produce documents and answer questions about your employment to the Plaintiffs' attorneys and the Court".

- "Defendants maintain that its employees were all paid their proper legal wages and denies that it violated the law, that it owes any employee any additional compensation, or that it owes liquidated damages".

7

- "A trial may be necessary to decide whether the claims being made against Defendants are true".

- "If the plaintiffs win a favorable judgment, Pelton Graham LLC, may ask the Court to award it up to one-third of the monetary recovery. You are not required to have Pelton Graham LLC represent you".

- "By completing and timely returning the Consent to Become a Party Plaintiff form, you are agreeing to have Plaintiffs ALFONSO GARCIA RAMOS, JORGE PEREZ AGUILAR, FELIX LUNA, and GUILLERMO ALONSO MORALES act as your agent to make decisions on your behalf concerning this lawsuit. This includes the method and manner of conducting this lawsuit, the entering of an agreement with the Plaintiffs' attorneys concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the Plaintiffs' attorneys will be binding on you if you join this lawsuit".

Seventh, Defendants request the deletion of paragraph VIII <u>Immigration Status</u> from the notice. There is no reason to mention immigration status as it does not have any bearing on this matter. One would argue that if there is any mention of immigration status, there should also be an explanation of each potential Plaintiffs' tax liability in the event the parties settle or plaintiffs prevail at trial.

Other than these suggested modifications and additions to the Plaintiffs' proposed Notice, Defendants consent to the remaining language therein.

2.   <u>Plaintiffs' Request to Post Notice in All Defendant Restaurants Must be Denied</u>

Posting notice is not necessary where defendants provide sufficient contact information for potential collective members. *Hernandez v. Merrill Lynch & Co.*, 2012 WL 5862749 (S.D.N.Y., Nov. 15, 2012). Posting notice at potential plaintiffs' work location is unnecessary when the form of notice is mailed to potential plaintiffs. *Amador v. Morgan Stanley*, 2013 WL 494020, at *7 (S.D.N.Y. Feb. 7, 2013). The only group that will be reached by a posting are the Defendants current employees who will have already received notice by mail. There is no reason to assume that the mailing addresses that will be provided by defendants for current employees,

8

if required to do so, will not be accurate and complete. Further, Speedy's Deli's business may suffer if vendors and suppliers see the posted notice. Those vendors and suppliers could conceivably worry about getting paid any open balances for fear that the Defendants will be hit with a large judgment in this matter and insist on cash on delivery for all merchandise delivered thus interrupting the way Defendants conduct their respective businesses. As such, first class mail is the best way to provide notice to potential class members. *Shajan v. Barolo, Ltd.*, 2010 WL 2218095 (S.D.N.Y., June 2, 2010).

### 3. Plaintiffs' Request for Emails and Telephone Numbers Should Be Denied

This Court should deny Plaintiff's request for the emails and telephone numbers of the potential collective members. Defendants, upon information and belief, do not keep the email addresses and telephone numbers of all of its employees. Further, the production of telephone numbers is unnecessary at this stage. Plaintiffs will receive the names and addresses of putative collective members. To provide more information will only allow the Plaintiffs and their counsel to solicit and harass putative class members. Plaintiffs can always request emails and phone numbers directly from the putative class members who have responded to Plaintiffs' Notice of Pendency.

## IV. CONCLUSION

For the reasons stated in this Memorandum of Law and the Declaration of Spiro Zisimatos, Defendants respectfully request that Plaintiffs' Motion for Conditional Certification be denied in its entirety.

Dated: August 19, 2019
Mineola, New York

Respectfully Submitted,

LAW OFFICES OF

MICHAEL P. GIAMPILIS, P.C.
*Attorneys for Defendants*

By: /s/ Michael P. Giampilis
Michael P. Giampilis (MG3386)
94 Willis Avenue, Second Floor
Mineola, New York 11501
Tel.:   (516) 739-5838
Fax:   (516) 739-8225
mgiampilis@giampilislaw.com

10