```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALFONSO GARCIA RAMOS, JORGE                                 :
PEREZ AGUILAR, FELIX LUNA, and                              :
GUILLERMO ALONSO MORALES,                                   :
Individually and on Behalf of Others Similarly              :   19-cv-2967 (VSB)
Situated,                                                   :
                                                            :   OPINION & ORDER
                              Plaintiffs,                   :
                                                            :
           - against -                                      :
                                                            :
                                                            :
DNC FOOD SERVICE CORP. d/b/a                                :
SPEEDY'S DELI, NIKOLAOS VASILATOS                           :
and SPIROS ZISIMATOS, Jointly and                           :
Severally,                                                  :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

Brent Edward Pelton
Pelton Graham LLC
New York, New York

*Counsel for Plaintiffs*

Michael P. Giampilis
Law Offices of Michael P. Giampilis, P.C
Smithtown, New York

*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

  The parties have advised me that they have executed an addendum ("Addendum") to the settlement agreement ("Settlement Agreement" or "Agreement") reached in this Fair Labor Standards Act ("FLSA") case. (Doc. 55.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v.*

*Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).  Because the Settlement Agreement contains an overly broad release, I find that the settlement of the parties is not fair and reasonable and the request that I approve it is DENIED.

I.      **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).  "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602  (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  "When a district court concludes that a proposed settlement in a FLSA case is

unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

### II. Discussion

Although most of the terms of the Settlement Agreement, (Doc. 51-1), and its Addendum, (Doc. 55-1), appear fair and reasonable at first glance, the release of claims under the Agreement is too broad to be fair and reasonable. Accordingly, I reject the Settlement Agreement, and reserve judgment as to the other parts of the Agreement and the Addendum not discussed herein.

In a paragraph with the heading "Wage and Hour Release," the Settlement Agreement makes clear that its release is far broader than its heading would imply. It states that "Plaintiffs knowingly and voluntarily release and forever discharge Defendants . . . from any and all claims . . . known or unknown, accrued or unaccrued," that Plaintiffs "have had or may have against Defendants including or relating to the claims asserted in the Action . . . ." (Doc. 51-1 ¶ 5(a).) The Addendum has no clause addressing the releases in the Settlement Agreement, and thus the aforementioned text remains operative. (*See* Addendum ¶ 4 ("No other terms and conditions set forth in the Settlement Agreement shall be modified by this Addendum other than those identified herein.").)

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers,

3

such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

As such, I cannot approve the Settlement Agreement and the Addendum as fair and reasonable.

### III.    Conclusion

Accordingly, the Settlement Agreement and the Addendum are REJECTED. Within 28 days of this order, the parties shall file a new settlement agreement that cures the deficiencies discussed above, along with a letter motion in support of the new settlement agreement explaining why it is proper, or indicate that they wish to proceed with the litigation. The parties should also review the other terms of their Settlement Agreement and its Addendum to make sure that the terms are in compliance with the governing standards for FLSA settlement approval.

SO ORDERED.

Dated: November 12, 2021
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge