

**PELTON GRAHAM** LLC

ADVOCATES FOR JUSTICE

|  |  |
|---|---|
| December 10, 2021 | Brent E. Pelton, Esq.<br>Pelton@PeltonGraham.com |

**VIA ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

        **Re:** *Garcia Ramos, et al. v. DNC Food Service Corp., et al.*
             <u>Civil Action No. 19 Civ. 02967 (VSB)</u>

Dear Judge Broderick:

      This office represents named plaintiffs Alfonso Garcia Ramos, Jorge Perez Aguilar, Guillermo Alonso Morales and Felix Luna (the "Named Plaintiffs") and opt-in plaintiffs Mario Tem Perez, Carlos Baten, Edvin Escalante, Edwin Quinto, Karen Lucero, Massiell Mercado, Ottoniel Tem Perez, Oumarou Tiendrebeogo, Ignacio Ramirez, Nataly Brito and Robelindo Miranda Temaj (the "Opt-in Plaintiffs" and, with the Named Plaintiffs, the "Plaintiffs"). We write, jointly with counsel for DNC Food Service. Corp. d/b/a Speedy's Deli, Nikolaos Vasilatos and Spiros Zisimatos (altogether, the "Defendants"), in accordance with the Nov. 12, 2021 Order of the Court (Dkt. No. 57) to provide a revised settlement agreement addressing the concerns raised by the Court. The parties submit the revised Settlement Agreement and Release attached hereto as **Exhibit A** and submit that it constitutes a fair and reasonable compromise of this matter, including an appropriately narrow wage and hour release, and that as such it should be approved by the Court for the reasons set forth in Plaintiffs' Motion for Approval of FLSA Settlement (Dkt. No. 50), Plaintiffs' Renewed Motion for Approval of FLSA Settlement (Dkt. No. 54), and below.[1]

### I.    Procedural History of the Settlement

      The procedural history of Plaintiffs' claims, the Parties' discovery and litigation, and initial settlement negotiations are set forth in Plaintiffs' Motion for Settlement Approval (Dkt. No. 50), and the further events culminating in the the Settlement Addendum are set forth in Plaintiffs' Renewed Motion for Approval of FLSA Settlement. (Dkt. No. 54).

### II.    The Settlement Is Fair and Reasonable

---

[1] Plaintiffs will file a fully executed copy of the Settlement Agreement when it is available.

**New York**: 111 Broadway, Suite 1503, New York, NY 10006  Tel. 212-385-9700  Fax 212-385-0800
**San Francisco**: 456 Montgomery Street, 18th Fl., San Francisco, CA 94104  Tel. 415-437-9100  Fax 212-385-0800

www.PeltonGraham.com

Hon. Vernon S. Broderick
FLSA Settlement Fairness Letter
Page **2** of **3**

The Revised Settlement is fair and reasonable for the reasons set forth in Plaintiffs' Motion for Settlement Approval (Dkt. No. 50) and Plaintiffs' Renewed Motion. (Dkt. No. 54).[2] The Parties have several disputed issues of fact as to Plaintiffs' claims, Defendants' liability and willfulness, and the accuracy of Defendants' records and recognize the risk of further litigation to both sides. (Dkt. No. 50 at 3, 6). As set forth in the Motion for Settlement Approval, Plaintiffs calculated the total maximum recovery that Plaintiffs could expect to recover (*id.* at 3). The parties believe that the settlement amount ($240,000) is a fair recovery based upon the risks of proceeding with the litigation, balanced with Plaintiffs' damages calculation. (Dkt. No. 54, at 2). The non-disparagement provision is likewise appropriate, as it applies equally to the parties and contains a carve-out for the parties to truthfully discuss their experiences. (*See* Dkt. No. 50, at 4).

The attorneys' fee provision is fair and reasonable, as it reflects the amounts agreed to by the plaintiffs in their retainers. (*Id.* at 5). Plaintiffs' counsel has continued to expend time on this case since filing the Renewed Settlement Motion, such that at this time Plaintiffs' counsel has spent more than 308 hours in prosecuting and settling this matter, resulting in a lodestar of $72,343.08. (Pelton Aff. ¶ 8; Ex. C). As set forth in the Settlement Agreement and Renewed Settlement Motion, Plaintiffs are seeking $79,732.12 in attorneys' fees, which represents a modest 1.1 times the lodestar amount. (Dkt. No. 54, at 3) (also discussing court approval of Pelton Graham's rates). The remaining $159,464.25 is payable directly to Plaintiffs (the "Net Settlement Amount").

### III.   The Revised Wage and Hour Release Is Suitably Narrow

The Wage and Hour Release contained in the Revised Settlement Agreement addresses the concerns raised by the Court in its November 12, 2021 Order. (Dkt. No. 57) The Court concluded that the release contained in the original Settlement Agreement was overly broad and discharged Defendants from any and all claims known or unknown that Plaintiffs may have had against Defendants. (*Id.*).

The Revised Wage and Hour Release directly addresses and resolves this issue. The Release discharges Defendants and other Releasees from "any and all claims in the Action and from any and all claims […] for damages and claims relating to the facts and claims asserted by Plaintiffs in the Action or that could have been raised by Plaintiffs based on the facts asserted in the Action […]" (Ex. A ¶ 5(a)). The Release further provides that it "is limited solely and only to wage and hour claims that have arisen on or prior to the date that each Plaintiff executes this Agreement and it does not release or discharge any claims that may occur after that date." (*Id.*) Finally, the Revised Wage and Hour Release contains a carve-out for certain claims, including claims that arise after the execution of the Agreement, claims for enforcement of the Agreement, any charge or complaint filed with a governmental agency, and claims that cannot be released as a matter of law. (Ex. A ¶ 5(b)).

---

[2] While the parties have drafted and executed a new Revised Settlement Agreement, the terms of the new Revised Settlement Agreement are identical to those set forth in the prior Agreements, except as discussed herein.

Therefore, the Revised Wage and Hour Release discharges only claims that bear a direct relationship with the wage and hour claims asserted in this Action and only those that have arisen up until the date each Plaintiff executed the Revised Settlement Agreement. Indeed, the Revised Wage and Hour Release specifically disclaims that any other claims are discharged. The Revised Wage and Hour Release is therefore appropriate, fair and reasonable, as the release "relates specifically to wage and hour issues" without encompassing claims that are wholly unrelated to the present FLSA/NYLL action. *Pucciarelli v. Lakeview Cars, Inc.*, No. 16-cv-4751, 2017 U.S. Dist. LEXIS 98641, at *9 (E.D.N.Y. June 23, 2017). As such, the Revised Release reflects the limited language of releases typically accepted by courts in this District and Circuit. *See*, *e.g.*, *Rodriguez v. Fadaro Fancy Foods Corp.*, No. 18-cv-2541, 2019 U.S. Dist. LEXIS 1919, at *3 (S.D.N.Y. Jan. 2, 2019) (approving release that narrowly discharged wage and hour claims arising before the date of the Agreement); *Angamarca v. Hud-Moe LLC*, No. 18-cv-1334, 2018 U.S. Dist. LEXIS 212518, at *2-3 (S.D.N.Y. Dec. 17, 2018) (approving release that is "tied to wage and hour claims").

\*     \*     \*     \*     \*

As demonstrated above, the Revised Settlement is a result of substantial negotiations and compromise by both parties.  The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that the Court approve the Revised Settlement Agreement & Release.

We appreciate Your Honor's attention to this matter. Please contact the undersigned counsel for the parties should you have any questions regarding this submission.

Respectfully submitted,

By: */s Brent E. Pelton, Esq.*
Brent E. Pelton, Esq.
Taylor B. Graham, Esq.
**PELTON GRAHAM LLC**
111 Broadway, Suite 1503
New York, New York 10006

*Attorneys for Plaintiffs*

By: */s Michael Giampilis*
Michael P. Giampilis
**LAW OFFICES OF MICHAEL P. GIAMPILIS, P.C.**
94 Willis Avenue
Mineola, New York 11501

*Attorney for Defendants*

cc:     All counsel (via ECF)