UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALFONSO GARCIA RAMOS, JORGE                                 :
PEREZ AGUILAR, FELIX LUNA, and                              :
GUILLERMO ALONSO MORALES,                                   :
Individually and on Behalf of Others Similarly              :   19-CV-2967 (VSB)
Situated,                                                   :
                                                            :   **OPINION & ORDER**
                                           Plaintiffs,      :
                                                            :
                    - against -                             :
                                                            :
                                                            :
DNC FOOD SERVICE CORP. d/b/a                                :
SPEEDY'S DELI, NIKOLAOS VASILATOS                           :
and SPIROS ZISIMATOS, Jointly and                           :
Severally,                                                  :
                                                            :
                                           Defendants.      :
                                                            :
------------------------------------------------------------X

Brent Edward Pelton
Pelton Graham LLC
New York, New York

*Counsel for Plaintiffs*

Michael P. Giampilis
Law Offices of Michael P. Giampilis, P.C
Smithtown, New York

*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

  The parties have advised me that they executed a revised settlement agreement that resolves this Fair Labor Standards Act ("FLSA") case. (*See* Doc. 58; Doc. 58-2 ("Revised Settlement").) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*,

1

796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).  For the reasons stated herein, I find that the Revised Settlement, including the request for attorneys' fees, is fair and reasonable and therefore approve it.

I. **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]."  *Id.*  The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case."  *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation."  *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  "When a district

2

court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II.     Discussion

### A. *Release of Claims*

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).  For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

In my November 12, 2021 Opinion & Order in this action, I rejected a prior settlement because "the release of claims" it provided was "too broad to be fair and reasonable." (Doc. 57.) Here, the Revised Settlement's release of claims provision fixes the rejected settlement's issues with regard to the overly broad release.  Specifically, the Revised Settlement states that it

releases "claims asserted by Plaintiffs in th[is] Action or that could have been raised by Plaintiffs based on the facts asserted in the Action," and it concludes that, "[f]or the avoidance of doubt, this release is limited solely and only to wage and hour claims that have arisen on or prior to the date that each Plaintiff executes this [Revised Settlement] and it does not release or discharge any claims that may occur after that date." (Revised Settlement ¶ 5(a).) This language is sufficiently narrow to be fair and reasonable.

### B. *Settlement Amount*

I next consider the amount of the Revised Settlement. The Revised Settlement provides that Defendants will pay Plaintiffs $240,000, inclusive of attorneys' fees and expenses. (Revised Settlement ¶ 1(a).) Plaintiffs calculated total possible damages to be $1,209,467.47. (Doc. 50, at 3.)[1] The parties believe that the $240,000 amount is fair given the risks of proceeding to trial, (Doc. 58, at 2), as well as because Plaintiffs' success would largely depends on having a "factfinder . . . credit their testimony over the Defendants," especially where "existing time and pay records . . . could potentially limit the amount of damages" on certain aspects of Plaintiffs' claims, (*see* Doc. 50, at 3).

The parties engaged in arm's length negotiation at mediation through the Southern District of New York's mediation program. (*See* Doc. 48.) There is no basis for me to believe that there was any fraud or collusion involved in the settlement. Thus, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement amount appears to be fair and reasonable.

---

[1] This figure is the sum of what Plaintiffs calculated to be "unpaid minimum wage," "unpaid overtime premiums," "unpaid spread of hours premiums," liquidated damages," "wage notice and wage statement damages," and "interest as of the date of the mediation statement." (Doc. 50, at 3.)

C.  *Non-Disparagement*

The non-disparagement clause in the Revised Settlement provides that

> The Parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation those that are relevant to the instant proceedings and the settlement of the Action.  Nothing in this paragraph shall preclude the parties from truthfully communicating their experiences concerning the Action or the settlement.

(Revised Settlement ¶ 10.)  This provision is consistent with the case law in this district related to such clauses in FLSA settlements.  *See Baikin v. Leader Sheet Metal, Inc.*, 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) ("Courts in this District have held that while not all non-disparagement clauses are *per se* objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case." (citation omitted)).  Because the non-disparagement clause in the Revised Settlement contains a carve-out for truthful statements, I find the provision reasonable.

D.  *Attorneys' Fees*

I next consider the attorneys' fees contemplated in the Revised Settlement.  A district court in this Circuit may use its discretion to calculate attorneys' fees using either the lodestar method or the percentage of the fund method.  *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total recovery."  *Zorn-Hill v. A2B Taxi LLC*, Case No. 19-CV-1058 (KMK), 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020); *see also Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018 ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"  (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-

5

9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (awarding "approximately 6.3 times" the lodestar and stating "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar").

Here, out of the $240,000 settlement amount, the Revised Settlement allocates to Plaintiffs' attorneys $80,535.75 in attorneys' fees and expenses, with $79,732.12 of this amount being fees, and the remaining $803.63 being expenses. (Revised Settlement ¶ 1(a).) The total fees and expenses under the Revised Settlement are slightly less than one-third of the total recovery. Using a lodestar method based on Plaintiffs' attorneys' hourly billing records and calculations, at rates ranging from $300 to $450 an hour for attorney time, the total fees and expenses represent an approximate 1.1 multiplier on the total attorney and paralegal time expended on this action. (Doc. 58, at 2; Doc. 58-4.)

Under either the percentage of the fund method or the lodestar method, the Revised Settlement's amount of attorneys' fees is proper. Accordingly, I find the attorneys' fees contemplated to be fair and reasonable.

**III. <u>Conclusion</u>**

For the foregoing reasons, and having reviewed the Revised Settlement in its entirety, I find that the Revised Settlement, including the attorneys' fees requested, is fair and reasonable. Accordingly, the Revised Settlement is hereby APPROVED. The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

Dated: February 25, 2022February 24, 2022
        New York, New York

*Vernon Broderick* (signature)

Vernon S. Broderick
United States District Judge